# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LUIS ALFREDO TORRES DIAZ,

Plaintiff,

v.

MANITOWOC COUNTY JAIL, SGT CAMPBELL, CO ARNOLD, SGT CORRON, CO AVERY, CO STEVENSON, CO OTTO, and CO NECK,

Defendant.

Case No. 26-CV-349-JPS

**ORDER**

Plaintiff Luis Alfredo Torres Diaz a detainee confined at the South Texas ICE Processing Center, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On July 16, 2026, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed him the opportunity to file an amended complaint. ECF No. 10. On August 10, 2026, Plaintiff filed an amended complaint. ECF No. 11. This Order screens the amended complaint and denies Plaintiff's motion for a status update, ECF No. 14, as moot.

## 1. SCREENING THE AMENDED COMPLAINT

### 1.1 Federal Screening Standard

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

In his amended complaint, Plaintiff names Defendants Manitowoc County Jail ("MCJ"), Sgt Campbell ("Campbell"), CO Arnold ("Arnold"), Sgt Corron ("Corron"), CO Avery ("Avery"), CO Stevenson ("Stevenson"),

CO Otto ("Otto"), and CO Neck. ECF No 11 at 1. Plaintiff was an inmate at MCJ at all times relevant to the complaint. *Id.* at 2. On January 17, 2026, Plaintiff was placed on "medical watch" or "medical isolation" for seventy-two hours. *Id.* Medical watch or isolation is not defined, authorized, or explained in the inmate handbook or institutional rules and procedures. *Id.* Campbell took Plaintiff to a dirty cell without his property without justification. *Id.* at 3. Plaintiff requested a bed roll and his property. *Id.* Plaintiff requested water from Stevens and had to wait two hours. *Id.* The water was black when it finally came on. *Id.* All defendants denied Plaintiff's request for a shower to manage his pain. *Id.* Plaintiff was denied hygiene items and heat for the room. *Id.* Plaintiff got sick and he was punished for requesting to go to the hospital. *Id.* at 4. Plaintiff was forced to suffer unconstitutional conditions and confinement. *Id.* Campbell kept making false accusations after Plaintiff submitted grievances about the incident. *Id.*

### 1.3 Analysis

Similar to the first screening order, the Court does not find that Plaintiff's allegations rise to the level of a constitutional violation. The Seventh Circuit has explained that "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *See Townsend v. Fuchs* 522 F.3d 765, 771 (7th Cir. 2008). In *Townsend*, the Court held that a fifty-nine-day period in temporary lockup gave rise to no protected liberty interest. *Id.* at 766. The Seventh Circuit previously found that two months spent in segregation gave rise to no protected liberty interest. *See Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005).

Here, Plaintiff's complaint does not contain facts showing that Defendants interfered with a liberty interest. Plaintiff alleges being in medical isolation for only seventy-two hours without access to his property and dirty cell conditions. On these facts alone, the Court cannot determine that Plaintiff suffered an atypical and significant deprivation. *See Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009). Accordingly, based on the allegations in Plaintiff's complaint, the Court cannot determine that Plaintiff had a protected liberty interest. As such, Plaintiff may not proceed on a due process claim.

Similarly, the Court finds that the amended complaint does not contain sufficient factual allegations to proceed on a condition of confinement claim. The standards governing conditions-of-confinement claims differ depending on whether they are brought under the Fourteenth or Eighth Amendment. *See Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022). While Fourteenth Amendment conditions-of-confinement claims contain only an objective component, *id.* (citing *Hardeman*, 933 F.3d at 823), Eighth Amendment claims contain an additional "subjective" element, requiring proof of deliberate indifference. *Id.* (explaining the different standards stem from the fact that "pretrial detainees remain entitled to the presumption of innocence, and so the Constitution protects them from any *punishment* for the acts that led to their detention") (emphasis in original).

Courts have found that instances of more "minor" deprivations did not meet the "objective seriousness" prong. *See Dickerson v. Milwaukee County*, No. 23-CV-1442-BHL, 2024 WL 233376 (E.D. Wis. Jan. 22, 2024) (holding that two consecutive missed meals did not "rise to the level of a constitutional violation"). In conditions of confinement cases challenging the cleanliness of the cell, "[o]ften the decision turns on the extent of the

conditions and whether the incarcerated person was provided a way to clean himself or the cell. *Behnken v. Green Bay Corr. Inst.*, No. 24-CV-54-PP, 2024 WL 1285300, at *2 (E.D. Wis. Mar. 26, 2024); *see also Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (citing cases). Courts also consider "the length of time the plaintiff was exposed, the issue of whether the plaintiff himself caused the condition, the plaintiff's ability to address the condition himself, and other factors." *See Oswald v. Manlove,* Case No. 16-CV-991, 2019 WL 464135, at *11–12 (E.D. Wis. Feb. 6, 2019) (discussing cases). In *Lindell v. Pollard*, 558 F. Supp. 3d 734 (E.D. Wis. Sept. 3, 2021), the plaintiff was exposed to filthy conditions for one day and the court found that "[t]he plaintiff's minimal exposure to human feces, while undoubtedly unpleasant, did not pose a threat to his health or safety and was not so serious as to deprive him of basic human dignity." *Id.* at 751.

Here, Plaintiff's allegations do not contain sufficient detail to rise to the level of a constitutional violation. Although Plaintiff generally states that his cell was dirty, he does not include any details about these conditions to show that the cleanliness of his cell was so objectively serious to deprive him of the minimal civilized measure of life's necessities. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Similarly, Plaintiff generally alleges that he was without heat, but he does not include any facts about the temperature of his cell during this time period. Additionally, Plaintiff alleges that he endured these conditions for a relatively short period of time, seventy-two hours, while on a medical watch. Given these factors together, the Court finds that Plaintiff's amended complaint fails to state a conditions and confinement claim.

Finally, the Court finds that Plaintiff may not proceed on a First Amendment retaliation claim. To prevail on a retaliation claim, Plaintiff

must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). The Seventh Circuit has instructed that the proper question in determining whether speech is protected is whether the prisoner "'engaged in [the] speech in a manner consistent with legitimate penological interests.'" *Whitfield v. Spiller*, 76 F.4th 698, 708 (7th Cir. 2023) (quoting *Watkins v. Kasper*, 599 F.3d 791, 796 (7th Cir. 2010). The Seventh Circuit has found that speech is not protected where it is disruptive, confrontational, or something that violates prison disciplinary policies such as "back talk." *Id.* (quotations omitted).

Here, Plaintiff's conclusory allegations are insufficient to state a claim. Plaintiff generally provides that false allegations were made after he filed grievances about his conditions. However, no allegations suggest that any First Amendment activity was a motivating factor in these actions. As such, Plaintiff's allegations as currently pled do not state a claim for retaliation.

**2. CONCLUSION**

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and the Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss the case for Plaintiff's failure to state a claim and will issue him a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a status update, ECF No. 14, be and the same is hereby **DENIED as moot**;

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.